# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HENRY ROSENTHAL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-1853** |
| | * | |
| **ALLSTATE INSURANCE COMPANY** | * | **SECTION "L" (1)** |

## ORDER & REASONS

Before the Court is the Defendant Allstate Insurance Company's ("Allstate") Motion for Summary Judgment (Rec. Doc. No. 16) For the following reasons, the Motion is hereby GRANTED.

## I. BACKGROUND

This case arises out of a dispute over flood damage caused by Hurricane Katrina. The Plaintiff alleges that he has not been properly compensated for the damage sustained to his property. His property, located at 326 Coffee Street, Mandeville, Louisiana, was insured by Allstate against flood damage with $121,000[1] in dwelling coverage, according to Plaintiff, or alternatively with $126,000 in dwelling coverage and $10,000 in contents coverage, each having a $1,000 deductible, according to Allstate. Allstate was acting as the insurer through the U.S. Government's National Flood Insurance Program as a Write-Your-Own carrier.

Following the flood caused by Hurricane Katrina, the Plaintiff notified Allstate of his loss. In response, Allstate sent an adjustor to the Plaintiff's property to assess the damages. As a

---

[1] While Plaintiff's opposition brief states that the policy was valued at $250,000, Plaintiff Henry Rosenthal's "Unsworn Statement Under Penalty of Perjury", to which the brief cites, states that the property was insured for $121,000.00. *See* Rec. Doc. Nos. 22, 22-1.

result of this assessment, Allstate paid the Plaintiff, after depreciation of the $1,000 deductible, $64,542.34 for dwelling damage and paid the limits on the contents coverage at $10,000.

After receiving the above referenced payments from Allstate, Plaintiff made a supplemental flood loss claim. Allstate again assigned an adjuster to the property. The adjuster recommended a supplemental payment to Plaintiff in the amount of $1,492.97 for dwelling damage. Allstate made an additional payment of $1,492.97 to Plaintiff.

On August 29, 2007, Plaintiff filed suit against Allstate alleging that Allstate failed to pay for all flood damages sustained and covered under Plaintiff's policy as part of the mass action entitled *Acevedo v. AAA, et al.,* Case No. 2:07-cv-5208-SRD-JCW. On January 30, 2009, Plaintiff filed an amended complaint for damages against Allstate before this Court.

Prior to pursuing his claim, Allstate alleges that the Plaintiff did not submit a timely signed and sworn Proof of Loss to Allstate. In addition, Allstate contends that the Plaintiff has yet to submit any type of documentation in support of his claim for federal benefits.

On January 25, 2010, Allstate filed a motion for summary judgment.[2] The Plaintiff has opposed it.

## II. APPLICABLE LAW

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed R. Civ P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Brown v. City of Houston, Tex.*, 337 F.3d 539, 540-41 (5th Cir.2003). A material fact is

---

[2]*See* Rec. Doc. No. 16.

a fact which, under applicable law, may alter the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 271 F.3d 624, 626 (5th Cir.2001). A dispute is genuine when a reasonable finder of fact could resolve the issue in favor of either party, based on the evidence before it. *Anderson*, 477 U.S. at 250; *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir.2002). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Prods. Liab. Litig*., 501 F.Supp.2d 776, 781 (E.D.La.2007). When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir.2004). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir.1995).

Furthermore, the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case on which they bear the burden of proof. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir.2004). A non-movant's conclusory allegations or bare assertions unsupported by facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48.

The National Flood Insurance Program ("NFIP") was created by Congress to provide coverage at or below actuarial rates because private insurance companies could not economically

underwrite these policies. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998). The program is operated by the Federal Emergency Management Agency ("FEMA") and underwritten by the U.S. Treasury. *See id.* All flood loss claims presented under the NFIP are paid directly with U.S. Treasury funds. *See id*.

Here, the Defendant Allstate is a Write-Your-Own carrier. Under the NFIP, flood loss policies can be issued directly by FEMA or through private insurers, such as the Defendant in the instant matter. *See id*. The National Flood Insurance Act ("NIFA") provides that private insurers who issue these policies are fiscal agents of the United States. 42 U.S.C. § 4071. However, the private insurers such as Allstate do not have authority to establish the terms and conditions of the NFIP policies. *See* 44 C.F.R. § 61.4(b). Rather, FEMA sets the terms and conditions, and the policies must be issued in the form of the Standard Flood Insurance Policies ("SFIP"). *Id.* The provisions of the SFIP may not be altered, varied, or waived absent the express written consent of the Federal Insurance Administrator. 44 C.F.R. § 61.13(d).

The provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced. *Gowland*, 143 F.3d at 954; *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir.1998). Failure to so construe such provisions runs afoul of the Appropriations Clause of the United States Constitution. *Gowland*, 143 F.3d at 955. The SFIP issued to the Plaintiff, as with all SFIPs, requires the insured to file a signed and sworn proof of loss within 60 days after the alleged loss or "within any extension authorized by FEMA." *Forman*, 138 F.3d at 545; *see* 44 C.F.R. § 61, App. A(1), Art. VII(D), (J)(4). In the present matter, after Hurricane Katrina, the acting Federal Insurance Administrator expressly waived the 60-day deadline in favor of a deadline one year from the date of loss.

## III.   PRESENT MOTION

In support of its Motion for Summary Judgment, Allstate argues that because the Plaintiff has failed to submit a timely sworn and signed Proof of Loss, he is barred from bringing his claim.  The Plaintiff, however, claims that summary judgment is improper because he did submit a proper proof of loss within the applicable statutory period.  As proof, he offers the following: (1) his "unsworn statement under penalty of perjury" that the proof of loss he submitted for the August 29, 2005 loss was submitted within the required one year period;[3] (2) a list regarding Plaintiff's repair costs;[4] and (3) an estimate from an adjuster which reflects alleged uncompensated flood damages in the amount of $61,936.29.[5]

The law in the Fifth Circuit is clear that a failure to provide such Proof of Loss is fatal to an insured's claims. *See Marseilles Homeowners Condo. Ass'n, Inc. v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053 (5th Cir. 2008); *see also Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir.1998) ("As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."); *Simmons v. NFIP*, 2009 WL 3447381 (E.D. La. Oct. 22, 2009); *Bergeron v. American Nat. Prop. & Cas. Co.*, 2009 WL 1969247 (E.D. La. July 8, 2009); *Owens v. Fidelity Nat. Ins.*, 2009 WL 483806 (E.D. La. Feb. 20, 2009); *King v. State Farm Ins.*, 2008 WL 4544364 (E.D. La. Oct. 7, 2008); *Henly v. Allstate Ins. Co.*, 2008 WL 89970, at *2 (E.D. La. Jan.8, 2008); *Guillot v. Allstate Ins. Co.*, 2008 WL 45359, at *2 (E.D. La.

---

[3]*See* Rec. Doc. No. 22-1

[4]*See* Rec. Doc. No. 22-3

[5]*See* Rec. Doc. No. 22-4

Jan.2, 2008); *LeBlanc v. State Farm Ins*. Co., 2008 WL 1990817 (E.D. La. May 5, 2008).

In response to a summary judgment motion, a "plaintiff must produce an *actual* proof of loss to meet its burden, not merely a theoretical one." *Hunter v. Allstate Ins. Co.*, No. 07-5267, 2009 WL 799755, *3 (E.D. La. March 23, 2009) (emphasis in original). The Plaintiff's vague, conclusory allegation that he did submit the proof of loss within the one-year period, without some semblance of actual proof that such a submission actually occurred, is insufficient to defeat the Defendant's summary judgment motion. *See Long v. American Nat. Property and Cas. Co.*, No. 07-4827, 2008 WL 2951965, *4, n. 16 (E.D. La. July 29, 2008) (holding that even if plaintiff's statement of facts were proper summary judgment evidence, the ambiguity of the allegation that "proper" proof of loss had been submitted to the defendant made it insufficient to defeat a sworn affidavit by the claims adjustor that she had never received the proof of loss within the required period). Therefore, the Plaintiff may not defeat summary judgment based on the unsworn statement and supplemental documents of Henry Rosenthal.

Alternatively, the Plaintiff claims that summary judgment is not appropriate because although Allstate has not yet sought or received a waiver from FEMA on Plaintiff's behalf, Allstate is not foreclosed from doing so. Plaintiff also claims that granting Allstate's Motion would result in a violation of his Due Process and Equal Protection rights. Finally, Plaintiff argues that the NIFA is not always construed in a strict manner and thus does not bar his claims.

Plaintiff's second argument regarding waiver has recently been rejected by this Court. *See Graham v. State Farm Fire & Cas. Co*, 2009 WL 4020752 (E.D. La. Sept. 23, 2009)*; see also Simmons,* 2009 WL 344738. For example, the court in *Graham*, 2009 WL 4020752 at *3, when presented with an argument identical to that of the Plaintiff here, the court stated as follows:

> While [the insured] concedes that a proof of loss was not filed, she argues that an issue of material fact remains because State Farm might still seek a waiver from FEMA on the proof of loss requirement. This argument ignores the clearly established rule that the courts must strictly construe the requirements of the SFIP. A sworn proof of loss is a 'condition precedent' to bringing litigation. *Marseilles*, 542 F.3d at 1055. Additionally, the insured does not have the power to waive the mandatory proof of loss requirement. *Gowland*, 143 F.3d at 954. SFIP requirements can only be waived with 'the express written consent of the Federal Insurance Administrator.

Additionally, Plaintiff's third argument regarding violation of Due Process and Equal Protection rights lacks support under recent jurisprudence. *See Wienjtes*, 339 Fed.Appx. 483, 485 (5th Cir. 2009); *see also Simmons,* 2009 WL 344738. In rejecting plaintiff's arguments that the application of the timely Proof of Loss requirements violates constitutional rights to equal protection and due process, the Fifth Circuit in *Wientjes,* 339 Fed.Appx. at 483, concluded these arguments lack support under the law and noted that district courts have held that these requirements do not violate constitutional rights.

Finally, Plaintiff's argument that the NIFA is not always construed in a strict manner also fails under recent jurisprudence. *See Eckstein v. Fidelity Nat. Prop. & Cas. Ins.,* 2009 WL 1870558, *5 (E.D. La. June 29, 2009)(citing *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). In *Eckstein* the court stated "[a]s the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Id.*

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Defendant's Motion for Summary Judgment (Rec. Doc. No. 22) is GRANTED. The case is hereby DISMISSED with prejudice.

Costs are awarded to the prevailing party.

        New Orleans, Louisiana, this 2nd day of March, 2010.

                                        _____
                                        ELDON E. FALLON
                                        UNITED STATES DISTRICT JUDGE